IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. FRISHKORN and<br>JAMES R. BRANDON<br>    Plaintiffs,<br><br>        v.<br><br>AMERICAN INCOME LIFE INSURANCE<br>COMPANY.,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.    INTRODUCTION**

1. Plaintiffs, Lisa A. Frishkorn and James R. Brandon, bring this action against Defendant, American Income Life Insurance Company, for its wrongful denial of accidental death benefits owed under a life insurance policy issued to their mother, Claudia J. Brandon, A/K/A Claudia J. Patterson.

2. Defendant improperly denied coverage by relying on the "natural" classification of death on a death certificate, despite Pennsylvania law broadly defining "accident" to include unforeseen injuries.

3. Plaintiffs seek damages, declaratory relief, and statutory remedies for breach of contract and bad faith.

## II.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (i) the amount in controversy exceeds $75,000, exclusive of interests and cost, and (ii) the plaintiff and defendants are citizens of different states.

5. The Court has personal jurisdiction over Defendant because it does business within the jurisdiction of the United States District Court for the Western District of Pennsylvania and have sufficient minimum contacts with the Western District. Defendant has purposefully availed itself of the privilege of conducting business in the Commonwealth of Pennsylvania through the marketing, sale, and issuance of life insurance polices, including the policy insuring Claudia J. Brandon, A/K/A Claudia J. Patterson. such that the exercise of jurisdiction in this Court is proper under Pennsylvania law and the United States Constitution.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiffs reside in this District, and Defendant transacts business here.

## III.   PARTIES

7. Plaintiff, Lisa A. Frishkorn, is an adult individual residing in 380 Dutchtown Rd, Butler, Pennsylvania. She is the daughter of the decedent, Claudia J. Brandon, A/K/A Claudia J. Patterson and a designated beneficiary of the life insurance policy at issue.

8. Plaintiff, James R. Brandon, is an adult individual residing in 141 Country Club Heights, Butler, Pennsylvania. He is the son of the decedent, Claudia J. Brandon, A/K/A Claudia J. Patterson and a designated beneficiary of the life insurance policy at issue.

9. Defendant, American Income Life Insurance Company, is an insurance company authorized to conduct business in Pennsylvania, with its principal place of business located outside Pennsylvania.

## IV.   ALLEGATIONS OF FACT

10. Claudia J. Brandon, A/K/A Claudia J. Patterson was insured under a life insurance policy issued by Defendant which included benefits for accidental death. A copy of the life insurance policy is attached hereto as Exhibit A.

11. On April 2, 2024, Ms. Brandon accidentally struck her head on a closet door, suffered severe injury, was hospitalized, and subsequently died on April 7, 2024 from related complications.

12. The death certificate listed the manner of death as "natural."

13. Plaintiffs submitted a claim for accidental death benefits. Defendant denied the claim, citing the "natural" classification on the death certificate.

14. The policy does not define the term "accident." Under Pennsylvania law, undefined policy terms are construed in favor of coverage.

15. Pennsylvania courts define "accident" as an unexpected and fortuitous event occurring unintentionally from the insured's perspective. See *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286 (Pa. 2007).

16. From the insured's perspective, the injury and resulting death were unexpected and unintended, thus qualifying as an accident under Pennsylvania law.

17. Defendant's refusal to pay was unreasonable, without proper cause, and in bad faith.

## V.  CAUSES OF ACTION
### COUNT I – BREACH OF CONTRACT

18. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

19. Defendant had a contractual duty to pay accidental death benefits to Plaintiffs as beneficiaries.

20. Defendant breached that duty by denying coverage.

21. Plaintiffs have suffered damages as a result.

### COUNT II – BAD FAITH (42 Pa.C.S. § 8371)

22. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

23. Defendant's denial lacked a reasonable basis and was made in bad faith.

24. Defendant failed to conduct a fair and objective investigation into whether the death qualified as accidental.

25. Plaintiffs are entitled to interest, punitive damages, and attorney's fees.

### COUNT III – DECLARATORY JUDGMENT (28 U.S.C. § 2201)

26. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

27. Plaintiffs seek a declaration that the death of Claudia Brandon qualifies as an "accident" under the policy and that therefore benefits are due to Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment in Plaintiffs' favor and against Defendant;

2. Award compensatory damages in an amount to be determined at trial;

3. Award punitive damages, attorney's fees, and costs under 42 Pa.C.S. § 8371;

4. Declare that Ms. Brandon's death qualifies as an "accident" within the meaning of the policy and that benefits are payable to Plaintiffs;

5. Award pre and post-judgment interest; and

6. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

By: /s/Ronald T. Elliott
Ronald T. Elliott, Esquire
PA I.D. 71567; relliott@dmkcg.com

Dillon McCandless King Coulter & Graham, LLP
128 West Cunningham Street
Butler, PA 16001
(724) 283-2200 telephone
(724) 283-2298 fax